PETER C. ANDERSEN
UNITED STATES TRUSTEE
TERRI H. DIDION, SBN CA 133491
ASSISTANT UNITED STATES TRUSTEE
JUSTIN C. VALENCIA, SBN NE 25375 | SBN IA AT0012006
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
300 Las Vegas Boulevard So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Email: justin.c.valencia@usdoj.gov

Attorneys for Peter C. Anderson
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>2965 HOLDINGS, LLC (A NEVADA LLC)<br>BY MANAGING PARTNER 2965<br>ALLIANCE INVESTMENT FUND, LLC<br><br>                           Debtor. | Lead Case No. 26-10050-nmc<br>Chapter 11<br><br>Hearing Date: February 24, 2026<br>Hearing Time: 9:30 a.m.<br>Tel. Conf. Line: (833) 435-1820<br>Meeting ID: 161 166 2815<br>Passcode: 115788# |

**THE U.S. TRUSTEE'S OBJECTION AND RESERVATION OF RIGHTS TO DEBTOR'S MOTION TO EXTEND TIME TO FILE SCHEDULES & STATEMENTS**

To the Honorable NATALIE M. COX, United States Bankruptcy Chief Judge:

Peter C. Anderson, United States Trustee for Region 17 ("U.S. Trustee"), by and through his undersigned counsel, hereby files the U.S. Trustee's opposition and reservation of rights ("Opposition") to the *Motion to Extend Time to File Schedules & Statements* (the "Extension Motion") [ECF No. 13] filed by the above-captioned debtor, 2965 Holdings, LLC (A Nevada LLC) by Managing Partner 2965 Alliance Investment Fund, LLC (the "Debtor").[1]

---

[1] The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201. To the extent that this Opposition contains factual assertions predicated upon statements made by the Debtor, any of its current or former affiliates, agents, attorneys,

1

## STATEMENT OF FACTS

1.    On January 6, 2026, the Debtor filed a voluntary Chapter 11 petition commencing the above-captioned case. [ECF No. 1]. The Debtor checked the box indicating that it is a single asset real estate case (as defined in 11 U.S.C. § 101(51B)). [ECF No. 1].

2.    The Debtor's authorized representative is Mr. Rick Saga, Vice President of Management Member 2965 Alliance Investment Fund, LLC. [*Id.*, Part 17].

3.    The Debtor is purportedly represented by Roger I. Roots, Esq. of the Ticktin Law Group and David A. Riggi, Esq. of the Riggi Law Firm. ("Proposed Counsel"). [ECF Nos. 1, 13].[2]

4.    On January 7, 2026, the Court issued a *Notice of Incomplete and/or Deficient Filing* and required the Debtor to file its Summary of Assets and Liabilities for Non-Individuals, Schedules A/B, D, E/F, G, H ("Schedules"), the Declaration Under Penalty of Perjury for Non-Individual Debtors, the Statement of Financial Affairs ("SOFA"), a List of Creditors or Equity Security Holders, and the Disclosure of Compensation for Attorney for Debtor (collectively, the "Required Documents"). [*See* ECF No. 5].

5.    The deadline to file the Required Documents was January 20, 2026. [ECF No. 4].

6.    The Extension Motion, filed without a legal memorandum and not supported by a declaration or other admissible evidence, requested an additional 21 days, through February 10,

---

professionals, officers, directors, or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 801(d)(2).

Unless otherwise noted: "Section" refers to a section of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "FRBP" refers to the Federal Rules of Bankruptcy Procedure; "FRE" refers to the Federal Rules of Evidence; "LR" or "Local Rules" refer to the local rules for the United States Bankruptcy Court District of Nevada, and "ECF No." refers to the main bankruptcy docket for the above-captioned case.

[2] Proposed Counsel has not filed an employment application in this case as of the filing of this Opposition. [*See* Bankruptcy Docket, *generally*].

2026, to file the Required Documents, which, if filed by that date, would be 36 days post-petition. [*See* ECF No. 13].

7.      Due to not filing the Required Documents, the Office of the U.S. Trustee will not be able review them in preparation for a substantive initial 11 U.S.C. § 341 meeting of creditors ("341 Meeting") currently scheduled for February 5, 2026. [ECF No. 8].[3]

8.      The hearing on the Extension Motion is not until February 24, 2026, which is 20 days after the initial 341 Meeting and 56-days post-petition. [ECF No. 17].

9.      The Extension Motion also states that no creditors will be prejudiced; however, the Debtor has not filed a certificate of service indicating that its creditors and other parties-in-interest were served (thereby impeding their rights to object, appear, and be heard on the Debtor's Extension Motion). [*See* ECF No. 13; *see also* Bankruptcy Docket, *generally*].

10.      As of the date of this Opposition, the Debtor has not filed the Required Documents. [*See* Bankruptcy Docket *generally*].

## **ARGUMENT**

11.      Pursuant to 28 U.S.C. § 586(c)(3), the U.S. Trustee is charged with responsibility for supervising the administration of cases under Chapter 7, 11, 12 and 13 of the United States Bankruptcy Code. The U.S. Trustee has standing to raise and be heard on any issues in any case or proceeding. *See* 11 U.S.C. § 307.

12.      Fed. R. Bankr. P. 1007 requires debtors to file Schedules and a SOFA with the voluntary petition or within 14 days of filing the petition. *See* Fed. R. Bankr. P. 1007(c).

13.      "Extensions of time under Rule 1007(c) are not handed out as a matter of course, but only upon a showing of *cause.*" *Tillman v. Danielson (In re Tillman)*, 2008 WL 8462961, at

---

[3] Similarly, the Debtors' initial interview ("IDI") was briefly held but continued to February 4, 2026, because the Required Documents were not filed.

*4 (B.A.P. 9th Cir. July 17, 2008) (emphasis added). It is the movant's burden to "demonstrate that good cause exist[s] for an extension." *Id.*

14.    LR 9014(c) requires the movant to state facts on which the motion is based, include a legal memorandum, and file affidavits or declarations that reference the underlying motion or paper. *See* L.R. 9014(c).

15.    LR 2002 and 9014 require that service must be completed within two business days after filing any pleading and proof of service must be filed within seven days after filing the pleading. *See* L.R. 2002; *see also* L.R. 9014(b)(2).

16.    The Debtor has failed to carry its burden because of the mere fact that it has not complied with the above-cited sections of the Bankruptcy Code and Local Rules.

17.    The Debtor failed to demonstrate that "cause" is present to extend the time. [ECF No. 13].

18.    The Debtor fails to acknowledge that a total of 56 days would pass from filing the voluntary petition until the hearing on the Extension Motion to determine if the Debtor will be allowed until February 10, 2026, to file its Required Documents. [*Id.*; *see also* Bankruptcy Docket, *generally*].

19.    The Debtor further fails to acknowledge that the U.S. Trustee cannot complete his statutory duties because the Required Documents have not been timely filed, while enjoying the protections afforded under the Bankruptcy Code, including protection of the automatic stay. [*Id.*].

20.    Based on the foregoing, the Debtor has failed to comply with the Bankruptcy Code and Local Rules and has not demonstrated why there is cause to extend the deadlines.

21.    Finally, and for the reasons described herein, the Debtor may not be fulfilling its fiduciary duties incumbent on all debtors-in-possession. *See* 11 U.S.C. §§ 521 and 1107; Fed. R. Bankr. P. 1007, 2015, and 4002. Stakeholders, including the U.S. Trustee, creditors, and parties-

in-interest, will be prejudiced if there is any additional delay for the Debtor to file its Required Documents. Any additional delay will impede the Debtor's examination under oath at the initial 341 Meeting. And, granting the Debtor any additional time may reduce the time for a creditor to accurately complete and file a proof of claim. Accordingly, the Extension Motion should be denied.

22.    Accordingly, the Court should deny Debtor's request to extend the time to file its Required Documents to February 10, 2026, and require these essential documents to be filed no later than February 3, 2026, to ensure a meaningful IDI and 341 Meeting can be conducted by the U.S. Trustee.

## RESERVATION OF RIGHTS

23.    The U.S. Trustee expressly reserves his rights to object to any amendments made to the Extension Motion, or any other additional relief requested in any subsequently filed pleading.

## PRAYER FOR RELIEF

**WHEREFORE**, the U.S. Trustee requests to Court to sustain his Opposition; enter an order denying the Extension Motion or, alternatively, making February 3, 2026, the final deadline for the Debtor to file its Required Documents; and, grant such other relief as is just and equitable under the circumstances.

Dated: January 29, 2026          Respectfully submitted,

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: */s/ Justin C. Valencia*
    Justin C. Valencia, Esq.
    Trial Attorney for United States Trustee