PETER C. ANDERSON
UNITED STATES TRUSTEE
TERRI H. DIDION, SBN CA 133491
ASSISTANT UNITED STATES TRUSTEE
JUSTIN C. VALENCIA, SBN NE 25375 | SBN IA AT0012006
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
300 Las Vegas Boulevard So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Email: justin.c.valencia@usdoj.gov

Attorneys for PETER C. ANDERSON
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>2965 HOLDINGS, LLC (A NEVADA LLC)<br>BY MANAGING PARTNER 2965<br>ALLIANCE INVESTMENT FUND, LLC,<br><br>Debtor. | Case No. 26-10050-nmc<br>Chapter 11<br><br>Hearing Date: March 31, 2026<br>Hearing Time: 9:30 a.m.<br>Telephonic Line: (833) 435-1820<br>Meeting ID: 161 166 2815<br>Passcode: 115788# |

**U.S TRUSTEE'S OBJECTION AND RESERVATION OF RIGHTS TO APPLICATION
TO EMPLOY LAW FIRM AS ATTORNEY FOR DEBTOR IN POSSESSION**

To the Honorable NATALIE M. COX, United States Bankruptcy Chief Judge:

Peter C. Anderson, the United States Trustee for Region 17 ("U.S. Trustee"), by and

through the undersigned counsel, hereby files this objection (the "Objection") to the *Application*

*to Employ Law Firm as Attorney for Debtor In Possession* (the "Application") [ECF No. 36]

filed by the above-captioned debtor, 2965 Holdings, LLC (A Nevada LLC) by Managing Partner

2965 Alliance Investment Fund, LLC ("Debtor").[1]

---

[1] Unless otherwise noted:  "Section" refers to a section of Title 11 of the United States Code, 11
U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "FRBP" refers to the Federal Rules

1

**INTRODUCTION**

The U.S. Trustee objects to the Application to employ David A. Riggi, Esq. and the Riggi Law Firm (collectively, "Riggi Law Firm") as counsel for the estate for several reasons.

First, the Application lacks clarity and supporting evidence for the Court to make a proper finding under *In re Lotus Props. LP* and *Park-Helena Corp.* necessary to satisfy 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014. Second, it is unclear if the Riggi Law Firm is seeking employment under section 328(a) because it references the "terms and conditions" of the Engagement Letter mirroring the statute's language. To the extent the Riggi Law Firm is, in fact, seeking relief under section 328(a), then the Debtor has not met its burden of showing that the terms are appropriate and in the best interests of the estate. Third, the Application appears to improperly seek *nunc pro tunc* relief. Fourth, the Application fails to abide by this Court's withdrawal requirements. Fifth, the Application should be denied because there is no indication the Application was properly served. For these reasons, the Application should be denied.

Consistent with his independent duties, the U.S. Trustee reserves all his rights with respect to this matter, including, but not limited to his rights to take any appropriate action under the Bankruptcy Code, the FRBP, and the local rules of the U.S. Bankruptcy Court. The U.S. Trustee also reserves rights to address any supplement or amendment to the Application.

---

of Bankruptcy Procedure; "FRE" refers to the Federal Rules of Evidence; and "ECF No." refers to the bankruptcy docket for the above-captioned case. The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case under FRBP 9017 and FRE 201.

To the extent that the Objection contains factual assertions predicated upon statements made by Debtor, its agents, attorneys, professionals, or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

The Objection is supported by the following memorandum of points and authorities and any argument the Court may permit during the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

## BACKGROUND FACTS

1. On January 6, 2026, the Debtor filed a voluntary petition under Chapter 11 commencing this case. [ECF No. 1]. Mr. Rick Saga ("Debtor's Representative") signed the petition. [*Id*. at 4].

2. No trustee, examiner or official committee has been appointed in this case. [*See* Bankruptcy Docket *generally*].

3. The 341 meeting of creditors was concluded. [*See* ECF No. 41].

4. The Debtor's Statement of Financial Affairs ("SOFA") disclosed that Tom Bloss paid the attorney retainer of $10,000 post-petition on January 10, 2026, to the Riggi Law Firm. [*See* ECF No. 25 at Question 11]. The Debtor's amended SOFA indicates that Mr. Bloss paid the same amount on January 13, 2026. [*See* ECF No. 33 at Question 11].

5. The Riggi Law Firm's disclosure of compensation form (the "2016(b) Form"), which is required under FRBP 2016, indicates that Mr. Bloss paid the retainer, post-petition. [*See* ECF No. 25 at p. 14; *see also* ECF No. 29].

6. On February 17, 2026, the Debtor filed the Application to employ the Riggi Law Firm under section 327(a). The Application includes the engagement letter (the "Engagement Letter") as Exhibit A, the declaration of Thomas Bloss ("Bloss Declaration") as Exhibit B, and the declaration of David A. Riggi, Esq. (the "Riggi Declaration") as Exhibit C. [*See* ECF No. 36]. The Application and Bloss Declaration indicates that he paid the $10,000 post-petition retainer fees "as a gratuity." [*See* ECF Nos. 36 at p. 2 *and* 36-2].

3

7.      There is no supporting declaration from the Debtor's Representative as to the Application or a certificate of service indicating proper service.  [*See* ECF No. 36; *see also* Docket Report *generally*].

### OBJECTION

**A. The Application Lacks Clarity and Supporting Evidence for the Court to Make a Proper Finding under *In re Lotus Props. LP* and *Park-Helena Corp.* necessary to satisfy 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014.**

8.      When a third party pays a debtor's attorney's retainer, the Court can take the restrictive or analytical approaches to determine whether the attorney can be employed by the estate pursuant to section 327(a).

9.      The restrictive approach is expressed in *In re Hathaway Ranch Partnership*, 116 Bankr. 208 (Bankr. C.D. Cal. 1990).  The *Hathaway Ranch* Court explained that:

> Third parties do not transfer property or funds to an attorney to represent a debtor in possession unless that representation is in the best interest of the third party.  It is often the case that the interests of the third party are not identical to the interests of the debtor in possession in its role as fiduciary of the bankruptcy estate.  Thus by accepting payment from a third party, the proposed counsel for the debtor in possession necessarily has a conflict of interest in that counsel is serving two masters -- the one who paid counsel and the one counsel is paid to represent.  I find that this is an actual conflict of interest that disqualifies a professional from being employed pursuant to 11 U.S.C. § 327 *absent a showing that the interests of the third party and the bankruptcy estate are identical* upon notice to all creditors, equity security holders and other parties in interest.

*In re Hathaway Ranch Partnership*, 116 B.R. 208, 219 (Bankr. C.D. Cal. 1990) (emphasis added).

10.      The analytical approach rejects a *per se* approach and instead reviews the issue on a case-by-case basis.  Courts using the analytical approach apply a 5-part test in determining whether counsel can be employed when counsel's retainer was paid by principal or insider of the Debtor.  The five factors include:

(1) the arrangement must be fully disclosed to the debtor/client and the third party payor/insider;

(2) the debtor must expressly consent to the arrangement;

(3) the third party payor/insider must retain independent legal counsel and must understand that the attorney's duty of undivided loyalty is owed exclusively to the debtor/client;

(4) the factual and legal relationship between the third party payor/insider, the debtor, the respective attorneys, and their contractual arrangement concerning the fees, must be fully disclosed to the Court at the outset of the debtor's bankruptcy representation;

(5) the debtor's attorney/applicant must demonstrate and represent to the Court's satisfaction the absence of facts which would otherwise create non-disinterestedness, actual conflict, or impermissible potential for a conflict of interest.

*In re Lotus Props. LP*, 200 B.R. 388, 392 (Bankr. C.D. Cal. Sept. 16, 1996) (citing *In re Kelton*, 109 Bankr. 641 (Bankr. D. Vt. 1989)) (the "Kelton Factors").

11.     The Ninth Circuit applies the disclosure requirements of FRBP 2014 "strictly." *Neben & Starrett, Inc. v. Chartwell Financial Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 881 (9th Cir. 1995).  "[T]he disclosure rules are not discretionary." *Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474, 480 (9th Cir. BAP 1996); *see also In re Tevis*, 347 B.R. 679, 693–94 (9th Cir. BAP 2006).

12.     "The duty of professionals is to disclose all connections with the debtor, debtor-in-possession, insiders, creditors, and parties in interest . . . They cannot pick and choose which connections are irrelevant or trivial . . . No matter how old the connection, no matter how trivial it appears, the professional seeking employment must disclose it." *Park-Helena Corp.*, 63 F.3d at 882 (quoting *In re EWC, Inc.*, 138 B.R. 276, 280–81 (Bankr. W.D. Okla. 1992)).

13.     The failure to disclose alone is a sufficient basis for denying a professional's employment. *See In re Film Ventures Int'l, Inc.*, 75 B.R. 250, 252 (B.A.P. 9th Cir. 1987); *In re Lee*, 94 B.R. 172, 177 (Bankr. C.D. Cal. 1988) (internal citation omitted).

14.    First, the Application indicates that Mr. Bloss paid the $10,000 post-petition retainer "as a gratuity" on two different dates.  [ECF Nos. 36 at p. 2 *and* 36-2].  There is no explanation what is meant by "gratuity" and there is an inconsistency as to the date of payments. [ECF Nos. 36 at p. 2 *and* 36-2].

15.    Second, the only indication that the Debtor expressly consented to the third-party payment from Mr. Bloss is a statement that says, "the Debtor expressly consented." [*See* ECF No. 36 at 4:27].  The Application fails to include a supporting declaration from the Debtor's Representative as to this statement.  [*See* ECF No. 36; *see also* Bankruptcy Docket *generally*].

16.    Third, while Mr. Riggi's declaration indicates there are no "connection[s] with the United States Trustee or any employed in the Office of the United States Trustee" and that there are no "present connection[s] with the Debtor, its creditors or other parties-in-interest," it does not indicate if there any as to their respective attorneys and accountants. [*See* ECF No. 36-3]. *See* FRBP 2014(a)(2).

17.    Fourth, there appears to be a lack of clarity as to the Riggi Law Firm's past connections in that the Riggi Declaration only discloses the review of contemporaneous or present connections.  [*Id*. at ¶ 7].  A professional desiring to serve in a bankruptcy case must meet three criteria under Section 327(a) to show there is no adverse interest, no actual conflicts, and disinterestedness.  *See also, e.g.*, *In re AFI Holding, Inc.*, 355 B.R. 139, 148–49 (B.A.P. 9th Cir. 2006), *aff'd* 530 F.3d 832 (9th Cir. 2008); *In re Git-N-Go, Inc.*, 321 B.R. 54, 58 (Bankr. N.D. Okla. 2004).

18.    Therefore, the Application should be denied because there is a lack of clarity and evidence presented for the Court to make a proper finding under *In re Lotus Props. LP* and *Park-Helena Corp.* necessary to satisfy 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014.

**B.    The Proponent of the Application Fails to Carry the Burden of Establishing the Reasonableness of the Terms and Conditions for Retention and Compensation included in the Application and Riggi Declaration.**

19.    While section 327 addresses employment of professionals, 11 U.S.C. §§ 328 and 330 address compensation of those professionals after they have been employed under section 327.  Section 330 authorizes the bankruptcy court to award the retained professional reasonable compensation "based on an after-the-fact consideration of 'the nature, the extent, and the value of such services, taking into account all relevant factors.'"  *In re Smart World Technologies, LLC*, 552 F.3d 228, 232 (2d Cir. 2009) (quoting section 330(a)).

20.    Section 328 operates differently and "permits a professional to have the terms and conditions of its employment pre-approved by the bankruptcy court, such that the bankruptcy court may alter the agreed-upon compensation only 'if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.'"  *In re Circle K Corp.*, 279 F.3d 669, 671 (9th Cir. 2002); *In re Smart World Technologies, LLC*, 552 F.3d at 232 (noting that "section 328(a) permits a bankruptcy court to forgo a full post-hoc reasonableness inquiry if it pre-approves the "employment of a professional person under section 327 ... on any reasonable terms and conditions of employment") (quoting section 328(a)).  Thus, pre-approval of compensation pursuant to section 328 is not lightly permitted.  *Owens v. United States Trustee (In re Owens)*, 2014 Bankr. LEXIS 3346 at *7 (B.A.P. 9th Cir. August 6, 2014).

21.    Section 328 only provides the possible basis for approval of terms of compensation.  *See generally In re Circle K Corp.*, 279 F.3d 669, 671 (9th Cir. 2002).

22.    "The differences between §§ 328 and 330 affect the timing and process of the court's review of fees."  *In re Citation Corp.*, 493 F.3d 1313, 1318 (11th Cir. 2007).  Under

section 328, "the bankruptcy court reviews the fee at the time of the agreement and departs from the agreed fee only if some unanticipated circumstance makes the terms of that agreement unfair. Under section 330, the court reviews the fees after the work has been completed and looks specifically at what was earned, not necessarily at what was bargained for at the time of the agreement." *Id*.

23. The burden of proof to establish  the terms and conditions of employment – including the imposition of section 328(a) – is on the applicant. *Nischwitz v. Miskovic (In re Airspect Air, Inc.)*, 385 F.3d 915, 921 (6th Cir. 2004) (quoting *Zolfo*, 50 F.3d at 262).  To meet its burden, the firm must provide specific evidence to establish that "the terms and conditions are in the best interest of the estate." *In re Gillett Holdings, Inc.*, 137 B.R. 452, 455 (Bankr. D. Colo. 1991); *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); *In re Potter*, 377 B.R. 305, 307–08 (Bankr. D. N.M. 2007) ("The trustee seeking to employ a professional under 11 U.S.C. § 328 bears the burden of showing that the provisions of the proposed employment are reasonable.").

24. Pre-approval of a professional's terms of compensation as reasonable should not be granted lightly given that the Court may not revisit the issue at the compensation stage unless such terms prove to have been improvident in light of developments not capable of being anticipated at the time the terms or rates were fixed.  11 U.S.C. § 328(a); *see also Friedman Enters. v. B.U.M. Int'l, Inc. (In re B.U.M. Int'l, Inc.)*, 229 F.3d 824, 829 (9th Cir. 2000) ("There is no question that a bankruptcy court may not conduct a § 330 inquiry into the reasonableness of the fees and their benefit to the estate if the court already has approved the professional's employment under [ ] § 328.").

25. Approving an arrangement under section 328 removes the standard of reasonable

compensation based on an after-the-fact consideration of "the nature, the extent, and the value of such services, taking into account all of the relevant factors" under section 330.

26.    The Application indicates:

> Terms and Conditions of Employment Agreement.  11 U.S.C. Section 327 authorizes Applicant, with Court approval, to employ said professional persons. Applicant has retained said professional person as evidenced by a letter agreement, of which a true and correct copy is attached hereto as Exhibit "A."  11 U.S.C. Section 328(a), Bankr. R. 2014(a).

*Id.*

27.    It is unclear whether Riggi Law Firm is seeking employment based on the terms and conditions of the Engagement Letter under section 328.

28.    Further, the Engagement Letter provides "[a]lternatively, if consistent with the law and practice in the District of Nevada, the retainer amount may be applied for the time period outside of the pendency of the bankruptcy case, including but not limited to, after the time a plan/case is confirmed/closed." [*See* ECF No. 361- at p. 3].  This provision directly conflicts with and circumvents the Bankruptcy Code's requirements that estate professionals must file fee applications and receive an order awarding their fees.  *See* 11 U.S.C. § 330.

29.    The Court should not allow Riggi Law Firm to bypass a full post-hoc reasonableness inquiry if employment is approved under section 327.  It is premature to request approval of the terms and conditions in the Engagement Letter, which include concerning provisions, because the Debtor has not met its burden of proof in demonstrating why Riggi Law Firm's terms of compensation are reasonable under section 328(a).  There is no analysis about why the terms should be approved at the outset of the Riggi Law Firm's representation of the Debtor instead of being subject to review once the Riggi Law Firm seeks compensation, including at the end of the case once the Court and parties-in-interest can better assess the Riggi

Law Firm's performance. A professional's requested invocation of section 328(a) is neither mandatory nor automatic, regardless of the proposed compensation scheme. A professional should not automatically expect approval of its retention under section 328 just because it asks for it.

30.     Accordingly, the Court should deny the request to pre-approve the terms of Riggi Law Firm's employment and compensation under section 328 or under some other Code provision.

### C.  The Application Appears to Improperly Seek Nunc Pro Tunc Relief.

31.     The Debtor filed bankruptcy on January 6, 2026, but it did not file the Application until February 17, 2026, 43 days later. [*See* ECF Nos. 1, 36].

32.     To the extent the Debtor seeks to employ the Riggi Law Firm on a *nunc pro tunc* basis considering its delay in filing the Application, then the request is unreasonable because it appears to conflict with binding case law and should be denied. *See Roman Catholic Archdiocese of San Juan, Puerto Rico v. Feliciano*, 140 S. Ct. 696 (2020).

### D.  The Application Fails to Abide by This Court's Withdrawal Requirements.

33.     Local Rule 2014(c) relates to the attorney of record and provides that counsel should refer to "[Local Rule] IA 11-6 the Local Rules of Practice for the United States District Court for the District of Nevada" (the District Court Rules).

34.     District Court Rule IA 11-6(b) provides,

> If an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel. The affected client may, but is not required to, file a response to the attorney's motion within 14 days of the filing of the motion, unless the court orders otherwise.

35.     The Engagement Letter indicates that Riggi Law Firm reserves its rights to withdraw if the Debtor "fails to honor this Engagement Letter or for any just reason permitted by

the Rules of Professional Conduct as adopted by the Nevada Supreme Court." [See ECF No. 36-1 at p. 4]. The Local Rules for the Nevada Bankruptcy Court and District Court do not provide attorneys with any discretion when it relates to withdrawal. The Application should clarify that if Riggi Law Firm seeks withdrawal, then it will comply with the applicable rules.

36.    Thus, the Application should be denied for failure to comply with the Local Rules.

**E.  The Application Should be Denied Because there is No Indication the Application was Properly Served.**

37.    The Application and notice of hearing were filed on February 17, 2026. [See ECF Nos. 36, 37]. There is no indication these pleadings were served. [*See* Bankruptcy Docket *generally*].

38.    Local Rule 2002(a) states the party who files the pleading or motion is responsible for service which must be completed within two (2) business days after filing and proof must be filed within seven (7) days after filing. *See* Local Rule 2002(a)(1)-(3). "Failure to timely file a certificate of service in compliance with this rule may result in denial of the related motion, or removal of the motion from the court's hearing calendar." *Id*.

39.    Local Rule 9014(b)(2) additionally states that "[t]he court may decline to take action on any papers until proper proof of service is filed. The notice and accompanying proof of service must be filed not more than seven (7) days after the motion if filed. […]." *See* Local Rule 9014.

40.    As of the filing of this Objection, 29 days have passed without any indication that the Application has been served. [*See* ECF Nos. 1, 36; *see also* Bankruptcy Docket generally].

41.    Failure to timely file a certificate of service in compliance with this rule is a sufficient reason to deny the Application.

42.     Finally, the U.S. Trustee asserts that the Riggi Law Firm's employment should not be approved unless his concerns are addressed as discussed above and the order indicates that the Riggi Law Firm may be employed under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014; may seek compensation for fees and expenses incurred on behalf of the Debtor and the estate in accordance with 11 U.S.C. §§ 330 and 331, the Federal Rules of Bankruptcy Procedure, and the local rules of the United States Bankruptcy Court for the District of Nevada, and the Guidelines for Professional Compensation established by the Office of the U.S. Trustee; the Riggi Law Firm may seek costs, fees and expenses incurred prior to the entry of a Court order; but will not seek relief pursuant to 11 U.S.C. § 328 or *Nunc Pro Tunc* relief; and, requests to withdraw will comply with the Local Rules for the Nevada Bankruptcy Court and District Court.

## RESERVATION OF RIGHTS

The U.S. Trustee reserves all rights with respect to the Application, including, but not limited to the right to take any appropriate action under Chapter 11 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the United States Bankruptcy Court for the District of Nevada should the Application and related pleadings be amended or supplemented.

## CONCLUSION

**WHEREFORE**, the U.S. Trustee requests the Court (1) sustain his Objection; (2) deny the Application; and, (3) grant such other relief as is just under the circumstances.

Date: March 17, 2026                    Respectfully submitted,

                                        PETER C. ANDERSON
                                        UNITED STATES TRUSTEE

                                        By: */s/ Justin C. Valencia*
                                            Justin C. Valencia, Esq.
                                            Trial Attorney for the United States Trustee

12